UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PLAZA MOTORS OF BROOKLYN, INC., et al.,

                                Plaintiffs,                  MEMORANDUM
                                                                 AND ORDER

       -against-

                                                                   19-CV-6336 (LDH)

ORLANDO RIVERA,

                                Defendant.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On December 2, 2020, the District Court entered a default judgment against defendant Orlando Rivera ("defendant" or "Rivera") on the claims of plaintiffs Plaza Oldsmobile, Ltd., Plaza Motors of Brooklyn, Inc., Crystal Bay Imports, Ltd., and Plaza Automotive, Ltd. ("plaintiffs"), alleging breach of fiduciary duty and faithless servant. See Judgment (Dec. 2, 2020) (the "Judgment"), Electronic Case Filing Docket Entry ("DE") #23. Currently before the Court are plaintiffs' motions to compel and for contempt against defendant, who is the subject of an information subpoena and subpoena *duces tecum* served in connection with plaintiffs' attempts to collect on the Judgment. See Motion for Contempt (Sept. 13, 2021) ("Mot. for Contempt"), DE #33; Motion to Compel (June 1, 2020) ("6/1/20 Mot. to Compel"), DE #29. For the reasons discussed below, plaintiffs' motion to compel is granted and plaintiffs' motion for contempt is denied without prejudice.

## BACKGROUND

On December 21, 2020, plaintiffs served defendant by mail with interrogatories and a request for production of documents, to which defendant failed to respond. See Plaintiffs[']

First Post-Judgment Interrogatories to Defendant and Plaintiffs['] Post Judgment Request for Production of Documents (Jan. 25, 2021), DE #25-1.  On January 22, 2021, counsel for plaintiff called defendant and left him a voicemail message, which defendant did not return.  See Motion to Compel (Jan. 25, 2021) at 1, DE #25.

On January 25, 2021, plaintiffs filed a motion to compel.  See id.  On May 5, 2021, the Court denied plaintiffs' motion without prejudice, because as a defaulting defendant, Rivera is a non-party and is not subject to discovery requests served by mail.  See Electronic Order (May 5, 2021).

On May 17, 2021, plaintiffs served an information subpoena and a document subpoena on defendant by leaving it with a person of suitable age and discretion at his residence.  See Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Document Subpoena") and Information Subpoena and Restraining Notice ("Information Subpoena") (June 1, 2021), DE #29-1.  Rivera failed to respond.  On May 25, 2021, counsel for plaintiff called Rivera and left a voicemail message, to which Rivera has not responded.  See 6/1/20 Mot. to Compel at 2.

On June 1, 2021, plaintiffs filed a renewed motion to compel.  See id.  By Order dated June 2, 2021, the Court directed Rivera to respond to the motion by June 11, 2021, upon pain of sanctions, "including a recommendation that he be held in contempt punishable by escalating fines and/or imprisonment."  Order (June 2, 2021).  Having received no further communications related to the motion to compel, on August 17, 2021, the Court administratively terminated the motion.  See Order (Aug. 17, 2021).  Later that day, plaintiffs filed a letter stating their intention to pursue the motion to compel.  See Letter (Aug. 17,

2

2021), DE #32.

On September 13, 2021, the instant motion for contempt followed. As Rivera never responded to plaintiffs' motion to compel, plaintiffs now move for an order holding Rivera in contempt and imposing a penalty of $100 per day. See Mot. for Contempt.

## DISCUSSION

Motion to Compel

Under Rule 69 of the Federal Rules of Civil Procedure (the "FRCP"), a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located. See Fed. R. Civ. P. 69(a)(1); see Soundkillers LLC v. Young Money Ent. LLC, 14cv7980 (KBF) (DF), 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016), adopted, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016); Fed. Ins. Co. v. CAC of NY, Inc., No. 14-cv-4132 (DRH)(SIL), 2015 WL 5190850, at *2 (E.D.N.Y. Sept. 4, 2015). A judgment creditor may rely on federal or state discovery procedures in order to obtain information relevant to the satisfaction of a judgment. See Fed. R. Civ. P. 69(a)(2); Soundkillers, 2016 WL 4990257, at *3; CAC of NY, 2015 WL 5190850, at *2. Here, plaintiffs relied on both federal and state procedures, styling their information subpoena as issued pursuant to New York law, and their subpoena for documents as issued under FRCP 45.

Pursuant to New York law, a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena[.]" N.Y. C.P.L.R. § 5223; see Soundkillers, 2016 WL 4990257, at *3; CAC of NY, 2015 WL 5190850, at *2. Service of an information subpoena may be made by registered or certified

mail, return receipt requested, or in the same manner as a summons.  See N.Y. C.P.L.R. §§ 5224(a)(3), 2303.  If the recipient of an information subpoena fails to respond within seven days, a court may order compliance.  See N.Y. C.P.L.R. § 2308(b)(1) ("If the court finds that the subpoena was authorized, it shall order compliance . . . ."); Soundkillers, 2016 WL 4990257, at *3; CAC of NY, 2015 WL 5190850, at *2; see also N.Y. C.P.L.R. § 5224(a)(3).

A judgment creditor may also serve a subpoena for documents upon a judgment debtor pursuant to FRCP 45.  See Davis v. Brown, No. CV 12-1906(SJF)(ETB), 2013 WL 1933850, at *1 (E.D.N.Y. May 9, 2013); Finkel v. S.I. Assocs. Co., Inc., No. CV 2009-5329(ILG)(MDG), 2012 WL 2117888, at *1 (E.D.N.Y. June 11, 2012); see also Cunningham v. Channer, LLC, Case # 17-CV-1305-FPG, 2018 WL 4620391, at *3 (W.D.N.Y. Sept. 26, 2018).  Rule 45 provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the action is pending.  See Fed. R. Civ. P. 45(a)(2),(3).  If a commanded party "fails without adequate excuse to obey the subpoena," the court may hold that party in contempt.  Fed. R. Civ. P. 45(g).  Although some courts have required service under Rule 45 by personal delivery, increasingly, courts in the Second Circuit have authorized alternative service, as long as service is calculated to provide timely actual notice.  See, e.g., *In re* Polygon Glob. Partners LLP, 21 Misc. 364 (ER), 2021 WL 2117397, at *6 (S.D.N.Y. May 25, 2021) (finding service by mail, following delivery to security personnel at respondents' offices, was sufficient under the circumstances of the case); SEC v. Pence, 322 F.R.D. 450, 454-55 (S.D.N.Y. 2017) (authorizing various methods of alternate service to ensure actual receipt); Tube City IMS, LLC v. Anza Cap. Partners, LLC, No. 14 Civ. 1783(PAE), 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (collecting cases); JPMorgan Chase Bank,

4

N.A. v. IDW Grp., LLC, No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *2-3 (S.D.N.Y. May 11, 2009) (authorizing service by certified mail after multiple attempts at personal delivery); Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC, No. 06 Civ. 7746(CS)(THK), 2008 WL 3833238, at *2-3 (S.D.N.Y. Aug. 15, 2008) (granting leave for service by delivering a copy of the subpoena to place of employment and mailing a copy by first-class mail).

As judgment creditors, plaintiffs are entitled to seek information relevant to collecting on their Judgment against defendant. In their subpoenas served on defendant, plaintiffs demand documents and information regarding, among other things, defendant's income, bank accounts, real estate and other assets. See Document Subpoena; Information Subpoena. Therefore, the information and documents sought by plaintiffs are relevant to collecting the Judgment entered against defendant, and are thus discoverable pursuant to Rule 69 of the FRCP. See CAC of NY, 2015 WL 5190850, at *2; Blue v. Cablevision Sys., New York City Corp., Civil Action No. 00–3836, 2007 WL 1989258, at *3 (E.D.N.Y. July 5, 2007).

Here, plaintiffs have complied with the rules governing service of process under Rule 4 of the FRCP, which in turn permits service on an individual to be made in accordance with the state law where the district court sits or where service is made. See Fed. R. Civ. P. 4(e)(1). New York law provides that service on an individual at the person's residence is effective if left with someone of "suitable age and discretion," and sent by mail within twenty days of delivery. See N.Y. C.P.L.R. § 308(2). Plaintiffs' service of the information subpoena and document subpoena on defendant's wife, at their residence, as authorized by New York procedural law, is sufficient to ensure actual receipt by defendant. See, e.g., First City,

5

Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 55 (2d Cir. 2002) (upholding service of subpoena by attaching a copy to the door and mailing a copy to witness' counsel); Ultradent Prods., Inc. v. Hayman, No. M8-85 RPP, 2002 WL 31119425, at *2-3 (S.D.N.Y. Sept. 24, 2002) (permitting service of a subpoena on the New York Secretary of State because it was "reasonably measured to insure the actual receipt of the subpoena by the corporation"); Cordius Trust v. Kummerfeld, No. 99 CIV. 3200(DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (holding that because "alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met"); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ("[U]nder modern New York procedural law even so-called 'personal service' can be made other than by delivery in hand simply by delivery to a person of suitable age and discretion at the residential address coupled with mailing to the residential address."). In addition to service of the subpoenas, plaintiffs have mailed defendant copies of the subpoenas as attachments to their motion to compel served on June 1, 2021, and the motion for contempt served on September 13, 2021. See Affidavit of Service (June 1, 2021), DE #30; Affidavit of Service (Sept. 13, 2021), DE #34. The Court finds that service of the subpoenas on defendant is sufficient under the circumstances.

Accordingly, Rivera is directed to respond to plaintiffs' subpoenas within thirty days of this Order, that is, by October 25, 2021.

Motion for Contempt

While the Court directs Rivera to respond to plaintiffs' subpoenas, it denies as premature plaintiffs' motion for contempt.

6

"[A]lthough New York State law guides the enforcement of the information subpoena, federal standards govern the determination of contempt."  Soundkillers, 2016 WL 4990257, at *3 (quoting Giuliano v. N.B. Marble Granite, No. 11-MD-00753 (JG)(VMS), 2014 WL 2805100, at *5 (E.D.N.Y. June 20, 2014)).  "[C]ivil contempt is not ordinarily imposed for a party's disregard of a subpoena; civil contempt is most frequently imposed only when a party disregards an order directing compliance with a subpoena."  Kerr v. John Thomas Fin., 14 Civ. 9168 (KBF)(HBP), 2017 WL 485041, at *4 (S.D.N.Y. Feb. 3, 2017), adopted, 2017 WL 1609224 (S.D.N.Y. May 1, 2017); see CAC of NY, 2015 WL 5190850, at *3; Fed. R. Civ. P. 45(g) advisory committee's note 2013 Amendment ("In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena[.]").  Thus, Rivera should not be held in contempt for his failure to comply with subpoenas, prior to an order directing his compliance with the subpoenas.  See Murphy v. Snyder, CV 10-1513 (JS) (AKT), 2019 WL 4396574, at *6 (E.D.N.Y. Aug. 6, 2019) (converting motion for contempt into motion to compel, which was granted), adopted, 2019 WL 4415430 (E.D.N.Y. Aug. 23, 2019); Sheet Metal Workers' Nat'l Pension Fund v. Rhb Installations, Inc., CV 12-2981 (JS)(ARL), 2016 WL 128153, at *2 (E.D.N.Y. Jan. 12, 2016) (treating contempt motion as unopposed motion to compel and giving subpoenaed party "one final opportunity to comply with the subpoena").

In addition, since Rivera did not appear in the original action, the Local Rules of this Court specifically provide that to initiate contempt proceedings, "service shall be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons."  S.D.N.Y./E.D.N.Y.

Local Civ. R. 83.6(a).  Further, a proceeding to hold a person in contempt "shall be commenced by the service of a notice of motion or order to show cause" and accompanied by an affidavit.  Id.  Since plaintiffs' application for a finding of contempt complies with none of these requirements, it is procedurally defective.

A finding of contempt at this juncture would likewise be inappropriate under New York law.  If the subpoenaed person does not comply with the subpoena, "the judgment creditor cannot immediately move for contempt under New York law; instead, as it is a nonjudicial subpoena, the enforcement of an information subpoena is governed by N.Y.C.P.L.R § 2308(b), which provides for a motion to 'compel compliance.'"  Soundkillers, 2016 WL 4990257, at *3 (citation omitted); see Kerr, 2017 WL 485041, at *4.  "Failure to comply with the compelled compliance may then give rise to contempt."  Soundkillers, 2016 WL 4990257, at *3 (internal quotation marks and citation omitted); see Kerr, 2017 WL 485041, at *4 ("New York law requires a court order before a failure to comply with an information subpoena is punishable by contempt.").

Therefore, plaintiffs' motion to hold Rivera in contempt is denied without prejudice.

Finally, any renewed motion for contempt should be addressed to the District Judge in the first instance.  In the absence of the parties' consent to have a magistrate judge preside, a magistrate judge has limited authority regarding civil contempt.  See Soundkillers, 2016 WL 4990257, at *4; 28 U.S.C. § 636(e)(6).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is granted.  Orlando Rivera is directed to respond to plaintiffs' information subpoena and subpoena *duces tecum* within thirty

8

(30) days of the date of this Order, i.e., by October 25, 2021. Plaintiffs' motion to hold Rivera in contempt is denied without prejudice. A finding of contempt could result in the imposition of a monetary fine or arrest by the United States Marshal to bring him to Court to show cause for his contempt of court.

The Clerk is requested to docket this Order into the ECF court file; counsel for plaintiffs shall serve a copy on Mr. Rivera by September 28, 2021 and file proof of service.

**SO ORDERED.**

**Dated:**   **Brooklyn, New York**
            **September 24, 2021**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**