UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**PLAZA MOTORS OF BROOKLYN, INC.,**
et al.,

                                 **Plaintiffs,**          **REPORT AND**
                                                       **RECOMMENDATION**

      -against-

                                                               **19-CV-6336 (LDH)**

**ORLANDO RIVERA,**

                                 **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On December 2, 2020, the District Court entered a default judgment against defendant Orlando Rivera ("defendant" or "Rivera") in the total amount of $224,411.73, on claims alleging breach of fiduciary duty and faithless servant, brought by plaintiffs Plaza Oldsmobile, Ltd., Plaza Motors of Brooklyn, Inc., Crystal Bay Imports, Ltd., and Plaza Automotive, Ltd. ("plaintiffs"). See Judgment (Dec. 2, 2020) (the "Judgment"), Electronic Case Filing Docket Entry ("DE") #23.

Currently before the Court, on a referral from the Honorable LaShann DeArcy Hall, is plaintiffs' motion for contempt against defendant, who has been the subject of an information subpoena and subpoena *duces tecum* served in connection with plaintiffs' attempts to collect on the Judgment, and who was ordered by this Court to comply with those subpoenas. See Motion for Contempt (Oct. 28, 2021) ("Mot. for Contempt"), DE #37; see also Memorandum and Order (Sept. 24, 2021) ("9/24/21 M&O"), DE #35; Motion to Compel (June 1, 2021) ("6/1/21 Mot. to Compel"), DE #29. For the reasons discussed below, the Court certifies that Orlando Rivera violated a judicial order by failing to respond to the subpoenas served on him; the Court therefore recommends that Rivera be directed to appear before the District Court and show cause why he should not be held in civil contempt. The Court further recommends that plaintiffs be awarded

$4,350.00 in attorneys' fees and $477.95 in costs, as a compensatory sanction.

## BACKGROUND

On December 21, 2020, plaintiffs served defendant by mail with interrogatories and a request for production of documents, to which defendant failed to respond.  See Plaintiffs['] First Post-Judgment Interrogatories to Defendant and Plaintiffs['] Post Judgment Request for Production of Documents (Jan. 25, 2021), DE #25-1.  On January 22, 2021, counsel for plaintiffs telephoned defendant and left him a voicemail message, to which defendant did not respond.  See Declaration of Jamie S. Felsen (Oct. 28, 2021) ("Felsen Decl.") ¶ 13, DE #38.

On January 25, 2021, plaintiffs filed a motion to compel.  See Motion to Compel (Jan. 25, 2021), DE #25.  The Court denied plaintiffs' motion without prejudice, because, as a defaulting defendant, Rivera is deemed a non-party and is not subject to discovery requests served by mail.  See Electronic Order (May 5, 2021).

On May 17, 2021, plaintiffs served an information subpoena and a document subpoena on defendant by leaving them with defendant's wife, a person of suitable age and discretion at his residence.  See Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Document Subpoena"), and Information Subpoena and Restraining Notice ("Information Subpoena") (June 1, 2021), DE #29-1; Affidavit of Service, DE #29-1 at p. 19; Felsen Decl. ¶ 16.[1]  Rivera again failed to respond.  See Felsen Decl. ¶ 17.  On May 25, 2021, counsel for plaintiffs telephoned Rivera and left a voicemail message, to which Rivera has

---

[1] This Court subsequently found that such service was sufficient to ensure defendant's actual receipt of the documents, which also were mailed to him as attachments to plaintiffs' June 1, 2021 motion to compel and September 13, 2021 motion for contempt.  See 9/24/21 M&O at 5-6.

2

not responded.  See id.; 6/1/21 Mot. to Compel at 2.

On June 1, 2021, plaintiffs renewed their motion to compel.  See 6/1/21 Mot. to Compel. By Order dated June 2, 2021, the Court directed Rivera to respond to the motion by June 11, 2021, upon pain of sanctions, "including a recommendation that he be held in contempt punishable by escalating fines and/or imprisonment."  Order (June 2, 2021).[2]  Pursuant to this Court's direction, plaintiffs sent Rivera copies of the Court's order and the motion to compel by certified mail.  See Affidavit of Service (June 1, 2021), DE #30; Affidavit of Service (June 2, 2021), DE #32; Felsen Decl. ¶ 20.

On September 13, 2021, plaintiffs again moved for contempt.  See Motion for Contempt (Sept. 13, 2021), DE #33.  Since Rivera had never responded to plaintiffs' motion to compel, this Court granted the motion to compel, but denied as premature plaintiffs' previously filed application for contempt.  See 9/24/21 M&O.  The Court directed Rivera to respond to plaintiffs' information subpoena and subpoena *duces tecum* by October 25, 2021.  See id. at 8-9.  The Court expressly warned Rivera that "[a] finding of contempt could result in the imposition of a monetary fine or arrest by the United States Marshal to bring him to Court to show cause for his contempt of court." Id. at 9.

On October 28, 2021, plaintiffs filed the instant contempt motion.  Plaintiffs served the motion papers on Rivera by leaving the papers with a person of suitable age and discretion at his residence and mailing the papers to that address.[3]  See Affidavit of Service (Nov. 9, 2021), DE

---

[2] Having received no further communications related to the motion to compel, on August 17, 2021, the Court administratively terminated the motion.  See Order (Aug. 17, 2021).  Later that day, plaintiffs filed a letter stating their intention to pursue the motion to compel.  See Letter (Aug. 17, 2021), DE #32.

[3] The Court notes that in serving the motion for contempt in accordance with Local Civil Rule 83.6, plaintiffs complied with the rules governing service of process under Rule 4 of the Federal Rules of Civil Procedure, which in turn permits

3

#39.[4]  By Order dated November 15, 2021, this Court directed Rivera to submit written opposition to the motion for contempt by December 8, 2021, and to show cause in Court on December 15, 2021, why Rivera should not be certified to be in contempt of court.  See Order (Nov. 15, 2021) ("11/15/21 Order"), DE #40.  The Court warned that Rivera's "failure to appear at the hearing will result in a certification to the District Judge that Mr. Rivera be held in contempt of court, punishable by escalating fines and/or imprisonment."  Id. at 1.  Plaintiffs notified Rivera of the December 15, 2021 hearing by leaving a copy of the November 15, 2021 Order with a person claiming to be defendant's son, at defendant's residence, and by sending him a copy by first class mail.  See 11/22/21 Aff. of Service.  Rivera neither responded to the motion in writing nor appeared at the December 15, 2021 hearing.  See Minute Entry (Dec. 15, 2021) ("12/15/21 Minute Entry").

## DISCUSSION

### I. Magistrate Judge's Jurisdiction

A magistrate judge's authority in contempt proceedings is to "certify the facts to a district

---

service on an individual to be made in accordance with the state law where the district court sits or where service is made.  See Fed. R. Civ. P. 4(e)(1).  New York law provides that service on an individual at the person's residence is effective if left with someone of "suitable age and discretion," and sent by mail within twenty days of delivery.  See N.Y. C.P.L.R. § 308(2).  Plaintiffs' service of the motion for contempt on defendant's son, see infra note 4, at defendant's residence, followed by mailing, as authorized by New York procedural law, is sufficient to ensure actual receipt by Rivera.  See, e.g., Absolute Nevada, LLC v. Grand Majestic Riverboat Co. LLC, 19-cv-11479 (PKC), 2020 WL 5209730, at *4 n.1 (S.D.N.Y. Sept. 1, 2020) ("Courts operating under the aegis of Local [Civil] Rule 83.6(a) have interpreted the personal service requirement to encompass methods of substitute service permitted by Rule 4, Fed. R. Civ. P., and N.Y. C.P.L.R § 308[.]"), reconsideration denied, 2020 WL 7480621 (S.D.N.Y. Dec. 18, 2020); Leser v. U.S. Bank Nat'l Ass'n, No. 09-CV-2362 (KAM)(ALC), 2011 WL 1004708, at *8 (E.D.N.Y. Mar. 18, 2011) (approving "nail and mail" service, pursuant to N.Y. C.P.L.R § 308, as a means of personal service under then-Local Civil Rule 83.9).  Accordingly, the Court finds that service of the motion on Rivera was sufficient under the circumstances.

[4] Although the Affidavit of Service for the motion papers did not describe the relationship to Rivera of the person served, a subsequent affidavit, regarding service of this Court's November 15th Order, identifies the same "Gino Doe" as Rivera's son.  See Affidavit of Service (Nov. 22, 2021) ("11/22/21 Aff. of Service"), DE #41.

4

judge and [she] may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B). "In determining whether to certify facts to the district court, 'the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'" Fed. Ins. Co. v. CAC of NY, Inc., No. 14-cv-4132 (DRH)(SIL), 2015 WL 5190850, at *3 (E.D.N.Y. Sept. 4, 2015) (quoting Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 118 (E.D.N.Y. 2008)); see Sweigert v. Goodman, 1:18-cv-08653 (VEC) (SDA), 2021 WL 4295262, at *1 n.1 (S.D.N.Y. Sept. 21, 2021). If a magistrate judge certifies the facts to the district court, "the district court must then conduct a de novo hearing at which issues of fact and credibility determinations are made." Lynch v. Southampton Animal Shelter Found., Inc., No. CV 10-2917(ADS)(ETB), 2013 WL 80178, at *5 (E.D.N.Y. Jan. 7, 2013) (internal quotation marks and citation omitted), adhered to on reconsideration, 2013 WL 1563468 (E.D.N.Y. Apr. 12, 2013). On the other hand, "a magistrate judge may decline to certify the facts of an alleged contempt to the district judge when he or she determines that the conduct does not rise to the level of contempt." Lynch, 2013 WL 80178, at *5.

**II.     Legal Standard for Contempt**

It is well established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt."[5]  Spallone v. United States, 493 U.S. 265, 276 (1990)

---

[5] It is also well settled that "a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." Bridgeport Guardians v. Delmonte, 371 F.Supp.2d 115, 121 n.5 (D. Conn. 2005) (internal quotation marks and citation omitted).

(quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)); see S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010).  The purpose of civil contempt is both remedial and coercive.  See United States v. Twentieth Century Fox Film Corp., 882 F.2d 656, 661 (2d Cir. 1989); Badgley v. Santacroce, 800 F.2d 33, 36 (2d Cir. 1986) (purpose of civil contempt "is to compel a reluctant party to do what a court requires of him").  An alleged contemnor may be held in civil contempt for failure to comply with a court order if: "(1) the order is clear and unambiguous, (2) proof of noncompliance is also clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  SEC v. Durante, 641 F.App'x 73, 76 (2d Cir. 2016); see Latino Officers Ass'n City of N.Y., Inc. v. City of New York, 558 F.3d 159, 164 (2d Cir. 2009).  "It need not be established that the violation [of a court order] was willful."  Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004).  While the inability of an alleged contemnor to comply with a court order constitutes a defense to a charge of civil contempt, the burden is on the alleged contemnor to "establish his inability clearly, plainly, and unmistakably."  Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995).  "If he 'offers no evidence as to his inability to comply . . . or stands mute,' he has not met his burden."  Id. (quoting Maggio v. Zeitz, 333 U.S. 56, 75 (1948)).

**III.    Application of the Law to the Facts of this Case**

Having analyzed the facts of this case in light of the legal standards described above, this Court determines that the conduct of Rivera clearly violated this Court's orders and certifies that plaintiffs have established a prima facie case for contempt.

### A.     Is the Order Clear and Unambiguous?

"A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden." S. New England Tel. Co., 624 F.3d at 145 (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). Such an order must "be specific and definite enough to apprise those within its scope of the conduct that is being proscribed." Leser, 2011 WL 1004708, at *8 (internal quotation marks and citation omitted).

Here, the Court's orders were clear and specific, and can have left "no uncertainty in the mind[]" of Rivera. See S. New England Tel., 624 F.3d at 145; Hess v. N.J. Transit Rail Operations, Inc., 846 F.2d 114, 116 (2d Cir. 1988); Leser, 2011 WL 1004708, at *9. The September 24th Order states that the subpoenas served on Rivera sought information and documents regarding Rivera's income, bank accounts, real estate and other assets, which are "relevant to collecting the Judgment entered against defendant, and are thus discoverable[.]" 9/24/21 M&O at 5. Accordingly, the September 24th Order concluded that "Rivera is directed to respond to plaintiffs' subpoenas within thirty days of this Order, that is, by October 25, 2021." Id. at 6. This Court's subsequent Order of November 15, 2021 was likewise clear and unambiguous. That Order clearly stated that Rivera was required to appear before this Court and explain why an order of contempt should not issue. See 11/15/21 Order.

### B.     Is the Proof of Noncompliance Clear and Convincing?

"In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002). The proof of Rivera's noncompliance is clear

7

and convincing. He did not produce any documents or contact counsel in response to the subpoenas and failed to appear at the December 15th show-cause hearing. See Felsen Decl. ¶ 27; 12/15/21 Minute Entry. This Court concludes that plaintiffs have demonstrated Rivera's noncompliance by clear and convincing evidence.

### C. Did the Contemnor Exercise Reasonable Diligence in Attempting to Comply with the Order?

It is similarly clear that Rivera made no effort to comply with this Court's Order. He failed to appear in court to explain his noncompliance, nor has he otherwise identified any ambiguities in the orders or subpoenas. Indeed, in simply ignoring plaintiffs' motions at every turn, Rivera has failed to exercise reasonable diligence. See Hunter, 250 F.R.D. at 120 (finding element satisfied where alleged contemnor "failed to appear at any of the recent proceedings in [the] case and [had] not made any effort to contact the Court or plaintiff's counsel").

### IV. Attorneys' Fees and Costs

Plaintiffs request an award of $7,155 in attorneys' fees and $477.95 in costs incurred in connection with the subpoenas served on Rivera. See Plaintiffs' Memorandum in Support (Dec. 16, 2021) ("Pl. Fee Mem.") at 2, DE #43. A district court may award attorneys' fees and costs to the victim of contempt. See Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996). In determining whether to award fees, "courts have focused on the willfulness of the contemnor's misconduct." Id. "The contemnor's disobedience is willful if the 'contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply.'" Tacuri v. Nithun Constr. Co., 14-CV-02908 (CBA) (RER), 2019 WL 6914042, at *2 (E.D.N.Y. Dec. 19, 2019) (quoting New York State Nat'l Org. for Women v. Terry, 952 F.Supp. 1033, 1044 (S.D.N.Y. 1997), aff'd, 159 F.3d 86 (2d Cir. 1998)).

8

Judged by these standards, Rivera willfully disobeyed this Court's September 24th Order and the November 15th Order to Show Cause. Plaintiffs served Rivera by mail with the September 24th Order (DE #36), and served the November 15th Order to Show Cause by delivering a copy to a person of suitable age and discretion at Rivera's residence (DE #41). Rivera therefore appears to have actual notice of both orders but has not attempted to comply or have the orders modified. See Tacuri, 2019 WL 6914042, at *2 (awarding attorneys' fees as compensatory sanction after contemnor failed to respond to court's orders).

In determining whether plaintiffs' requested fee is a "reasonable" sanction under the circumstances, the Court employs the "lodestar" method, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Hunter v. City of New York, 12-CV-6139 (MKB), 2021 WL 4942769, at *4 (E.D.N.Y. Oct. 22, 2021) (applying lodestar method to determine fees on sanctions motion); Toussie v. Allstate Ins. Co., 15 CV 5235 (ARR), 2019 WL 2435852, at *25 (E.D.N.Y. Feb. 6, 2019) (same), adopted, 2019 WL 2082462 (E.D.N.Y. May 13, 2019). This lodestar or presumptively reasonable fee is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted); see Safeco Ins. Co. of Am. v. M.E.S., Inc., 790 F.App'x 289, 292 (2d Cir. 2019). The movant bears the burden of proving the reasonableness of the rate charged and the necessity of the hours spent. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999).

Here, plaintiffs seek $7,155 in attorneys' fees based on 15.9 hours of attorney time spent

9

by plaintiffs' counsel, Jamie S. Felsen, at the rate of $450 per hour.  See Pl. Fee Mem. at 2.  However, counsel acknowledges that he actually billed plaintiffs for the work at a reduced rate of $375 per hour.  The goal of an attorney fee award for a victim of contempt is compensatory.  See Tacuri, 2019 WL 6914042, at *2 (citing Weitzman, 98 F.3d at 719).  Thus, under the circumstances, an hourly rate that is higher than the rates plaintiffs actually paid (and higher than this Court customarily approves in similar cases) is unreasonable.  On the other hand, the $375 hourly rate actually charged by Mr. Felsen, who has been practicing labor and employment law for more than 15 years, and who is a partner at Milman Labuda Law Group PLLC, see Fee Declaration of Jamie S. Felsen (Dec. 16, 2021) ("Felsen Fee Decl.") ¶ 4, DE #42, is consistent with rates awarded to attorneys with comparable experience in this District.  See Villarrubia v. La Hoguera Paisa Rest. & Bakery Corp., 18-CV-4929 (AMD) (PK), 2020 WL 6430327, at *2 (E.D.N.Y. Oct. 9, 2020) (recommending reducing claimed hourly rate to $375 per hour for attorney with 15 years of experience), adopted, 2020 WL 6415171 (E.D.N.Y. Nov. 2, 2020); Tacuri, 2019 WL 6914042, at *3 (finding $350 per hour a reasonable rate for partner who was licensed to practice law for almost 30 years).

      Plaintiffs have proffered the declaration of Mr. Felsen, along with contemporaneous billing records setting forth the dates, amount of time spent and description of the services performed.  See Plaintiffs' Billing Records (Dec. 16, 2021) ("Pl. Billing Records"), DE #42-1.  The billing records demonstrate that the time expended on work related to the contempt motion and the show-cause hearing totals 11.6 hours.  See id. (entries for 10/25/2021 through 12/16/2021).  The additional 4.3 hours counsel spent drafting the subpoena and the related motions to compel would have been incurred by plaintiffs had Rivera complied with this Court's September 24th Order.

Therefore, the time counsel spent before the drafting of the motion for contempt is not properly compensable. See Tacuri, 2019 WL 6914042, at *3; S.D.N.Y./E.D.N.Y. Local Civ. R. 83.6(a) ("A reasonable counsel fee, *necessitated by the contempt proceedings*, may be included as an item of damage") (emphasis added).

Accordingly, the Court recommends that plaintiffs be awarded $4,350.00 in attorneys' fees ($375 per hour x 11.6 hours).

Plaintiffs also seek $477.95 in costs, consisting of $447.95 incurred in connection with serving Rivera with the motion for contempt and this Court's Order to Show Cause, and $30 in parking fees incurred in connection with counsel's attendance at the December 15, 2021 hearing. See Felsen Fee Decl. ¶¶ 10-11. Plaintiffs have submitted invoices and receipts demonstrating the amount spent. See Documentation of Costs (Dec. 16, 2021), DE #42-2 (service fees), DE #42-3 (parking cost). Accordingly, the Court recommends that plaintiffs be awarded $477.95 in costs.

## V. Proposed Remedy

Plaintiffs request that the Court "direct the U.S. Marshal to arrest [Mr. Rivera] and he should be ordered to pay a $100 daily penalty for each day he fails to comply with the Orders." Felsen Decl. ¶ 28; Mot. for Contempt. "Importantly, in selecting contempt sanctions, a court is obliged to use the 'least possible power adequate to the end proposed.'" Leser, 2011 WL 1004708, at *11 (quoting Shillitani, 384 U.S. at 371). The Court respectfully recommends that the District Court issue an order to show cause why Rivera should not be held in contempt of court. In the event the District Court finds Rivera to be in contempt, this Court recommends the issuance of an order that, unless Mr. Rivera responds in full to the subpoenas within fourteen days of the District Court ordering his compliance, he be required to pay plaintiffs a monetary amount

11

that the District Court determines, in its discretion, to be reasonable, for each week thereafter in which he remains noncompliant. See Soundkillers LLC v. Young Money Ent., LLC, 14cv7980 (KBF) (DF), 2016 WL 4990257, at *5-6 (S.D.N.Y. Aug. 2, 2016), adopted, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016); Giuliano v. N.B. Marble Granite, No. 11–MC–00753 (JG)(VMS), 2014 WL 2805100, at *10 (E.D.N.Y. June 20, 2014); Leser, 2011 WL 1004708, at *12. Moreover, this Court further recommends that, within thirty days of the District Court's order, if Mr. Rivera fails to certify to the Court in writing his full compliance with the subpoenas, then plaintiffs should be permitted to move for his arrest to bring Mr. Rivera before the District Court to explain his continued noncompliance. See Giuliano, 2014 WL 2805100, at *10; Leser, 2011 WL 1004708, at *12, *14.

## CONCLUSION

For the foregoing reasons, this Court certifies the facts sufficient to hold Orlando Rivera in contempt and recommends that Judge DeArcy Hall schedule a hearing and require Rivera to appear and show cause why he should not be held in contempt. The Court further recommends that plaintiffs be awarded $4,350.00 in attorneys' fees and $477.95 in costs, as a compensatory sanction.

Any objections to the recommendations contained herein must be filed with Judge DeArcy Hall on or before January 27, 2022. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is requested to docket this Report and Recommendation into the ECF court file;

12

counsel for plaintiffs shall promptly serve a copy on Mr. Rivera via regular and certified mail, and file proof of service.

**SO ORDERED.**

**Dated:** Brooklyn, New York
January 10, 2022

                                    /s/ *Roanne L. Mann*
                                    **ROANNE L. MANN**
                                    **UNITED STATES MAGISTRATE JUDGE**